MER:AH
F#:2009R01867

**M-09-1038**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    -against-

ELVID CINTRON,

    Defendant.

<u>To be Filed Under Seal</u>

COMPLAINT AND AFFIDAVIT
IN SUPPORT OF APPLICATION
<u>FOR ARREST WARRANT</u>

(18 U.S.C. § 2250)

- - - - - - - - - - - - - - - - - - X

EASTERN DISTRICT OF NEW YORK, SS:

    MICHAEL ROMANI, being duly sworn, deposes and says that he is a Senior Inspector with the United States Marshals Service ("USMS"), duly appointed according to law and acting as such.

    Upon information and belief, on or about and between June 2009 and August 2009, within the Eastern District of New York and elsewhere, the defendant ELVID CINTRON, an individual required to register under the Sex Offender Registration and Notification Act who traveled in interstate commerce, did knowingly fail to register and update a registration as required by the Sex Offender Registration and Notification Act.

    (Title 18, United States Code, Section 2250)

    The source of my information and the grounds for my belief are as follows:[1]

---

[1] Because the purpose of this affidavit is merely to establish probable cause to arrest, I have not set forth all of the facts and circumstances concerning this investigation of which I am aware.

1. I am a Senior Inspector with the USMS. I have been employed by the USMS for 11 years. I am currently assigned to the Sex Offender Investigations Branch. One of my responsibilities is to investigate crimes involving individuals who are convicted sex offenders and have failed to register as required by Title 18, United States Code, Section 2250, known as the Adam Walsh Child Protection and Safety Act of 2006 (the "Walsh Act").

2. I am familiar with the facts and circumstances of the instant case based on first-hand observations during the investigation, my review of documentary evidence obtained during the course of this investigation and discussions with other law enforcement agents.

## STATUTORY AUTHORITY

3. This investigation concerns alleged violations of Title 18, United States Code, Section 2250 – certain activities relating to failing to register under the Sex Offender Registration and Notification Act. In relevant part, 18 U.S.C. § 2250 states:

Whoever--

> (1) is required to register under the Sex Offender Registration and Notification Act;
>
> (2) . . . (B) travels in interstate or foreign commerce . . . ; and
>
> (3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;

3

shall be fined under this title or imprisoned not more than 10 years, or both.

4. Section 113 of the Walsh Act defines who is required to register under the Act:

> (A) In General - A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student. . . .
>
> (2) Keeping Registration Current - A sex offender shall, not later than 3 business days after each change of name, residence, employment or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry. . . .

5. Section 111 of the Walsh Act defines "Sex Offender" as:

> (1) Sex Offender - The term "sex offender" means an individual who was convicted of a sex offense.

The Act further defines "sex offense" as:

> (5) (A) . . . the term 'sex offense' means -- . . . (ii) a criminal offense that is a specified offense against a minor; . . .

6. Section 111 of the Walsh Act defines a "specified offense against a minor" as "an offense against a minor that involves . . . (H) Criminal sexual conduct involving a minor, . . . [or] (I) Any conduct that by its nature is a sex offense against a minor." 42 U.S.C. §§ 16911(7)(H) and (I).

## STATEMENT OF FACTS

7. On December 21, 2000, the defendant ELVID CINTRON was convicted in Bronx County Supreme Court of two counts of Sexual Abuse in the first degree, involving a child less than 11 years old in violation of New York Penal Law section 130.65, which is a felony. CINTRON was sentenced to five years of imprisonment and was released from custody in April of 2006. Discharge documents signed by the defendant on April 20, 2006 indicate that CINTRON was notified that, after his release from custody, he was required to register as a sex offender pursuant to New York state law. Because CINTRON was classified as a level III, sexually violent offender, CINTRON was also notified that he was required to verify his address in person every ninety days with his local law enforcement agency.

8. On February 25, 2008, the defendant ELVID CINTRON completed a New York State Sex Offender Change of Address Form which listed his old address as 415 Port Richmond Avenue, Staten Island, NY and his new residence as 44 Howard Avenue 2R, Brooklyn, New York.

9. On April 6, 2009, the defendant ELVID CINTRON reported to the New York Police Department Sex Offender Monitoring Unit located on 40th Street in Manhattan and had his photograph updated for the sex offender registry.

10. On May 12, 2009, the New York State Division of Parole issued an arrest warrant for the defendant ELVID CINTRON

for violating the terms of his parole by, among other things, threatening to harm his ex-girlfriend and her children while brandishing a knife and a bottle of gasoline. Subsequent to the issuance of the warrant, members of the NY/NJ Regional Fugitive Task Force ("RFTF") assigned to execute the arrest warrant developed information that CINTRON was residing in Philadelphia, Pennsylvania.

11. On August 10, 2009, RFTF agents received information that the defendant ELVID CINTRON was residing at 3505 Dillman Street in Philadelphia, Pennsylvania. On that day, I, along with other members of RFTF, approached the residence at 3505 Dillman Street ("Dillman Street residence"). One RFTF agent observed an individual fitting CINTRON's description looking out of a basement window at the Dillman Street residence. After knocking on the door and announcing the presence of law enforcement, an individual ("Individual 1") answered the door, identified himself as the owner of the home, and provided law enforcement with permission to enter the house. Individual 1 stated that CINTRON was in fact inside the residence and was living in the basement. RFTF agents subsequently identified and arrested CINTRON in the basement of the Dillman Street residence.

12. The defendant ELVID CINTRON had no contact with New York authorities between April 6, 2009 and August 10, 2009 for purposes of updating or changing his registration status. CINTRON also had no contact with Pennsylvania authorities between

April 6, 2009 and August 10, 2009 for purposes of updating or changing his registration status.

13. After the defendant ELVID CINTRON was read <u>Miranda</u> warnings, he agreed to speak with law enforcement. CINTRON stated that he left New York in June 2009 and had been living in Philadelphia, Pennsylvania since that time.

WHEREFORE, your deponent respectfully requests that the Court issue an arrest warrant for the defendant ELVID CINTRON, so that he may be dealt with according to law.

_____
Senior Inspector Michael Romani
United States Marshals Service

Sworn to before me this
23rd day of October, 2009

_____
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK